1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

BRANDON FAVOR,

Case No.: 1:24-cv-00610-SKO

12

Plaintiff,

**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS***

13

v.

14

S. VILLEGAS, et al.,

(Doc. 2)

15

Defendants.

**14-DAY OBJECTION PERIOD**

16

Clerk of the Court to Assign District Judge

17

18       Plaintiff Brandon Favor is proceeding pro se in this civil rights action pursuant to 42

19  U.S.C. § 1983. On May 22, 2024, Plaintiff filed an Application to Proceed *In Forma Pauperis*

20  ("IFP"). (Doc. 2.)

21       Plaintiff's application to proceed IFP should be denied for two reasons: (1) Plaintiff sets

22  forth substantial income and assets in his IFP application; and (2) he is not entitled to proceed

23  without prepayment of fees because he has accrued three or more "strikes" under section 28

24  U.S.C. § 1915 and does not qualify for the imminent danger exception.

25       **I.       PLAINTIFF'S INCOME AND ASSETS ARE SIGNIFICANT**

26       To proceed in court without prepayment of the filing fee, a plaintiff must submit an

27  affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. §

28  1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a

1  right. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198

2  n.2 (1993); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in*

3  *forma pauperis* is itself a matter of privilege and not right; denial of in forma pauperis status does

4  not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to

5  proceed IFP and the application is sufficient if it states that due to his poverty he is unable to pay

6  the costs and still be able to provide himself and his dependents with the necessities of life.

7  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Whether to grant or deny an

8  application to proceed without prepayment of fees is an exercise of the district court's discretion.

9  *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

10         In his IFP application, Plaintiff states he has received money from the following sources

11  within the last 12 months: business, profession, or other self-employment; rent payments, interest,

12  or dividends; pensions, annuities, or life insurance payments; disability or workers compensation

13  payments, gifts or inheritances; and other sources. (*See* Doc. 2 at 1 [Question 3].) Asked to

14  describe "each source of money" and to "state the amount received," Plaintiff sets forth various

15  sums totaling more than $5,000,000. (*Id*.) Plaintiff also states he has "$500,000" in cash. (*Id*. at 3

16  [Question 4].) Plaintiff also claims he owns property valued between "$500,000 and $1,000,000"

17  and has assets valued at "$200,000,000." (*Id*. [Questions 5 & 6].)

18         In sum, Plaintiff's IFP application should be denied based on the substantial amount of

19  income and assets set forth in his application. *See* 28 U.S.C. § 1915(a)(1); *Escobedo*, 787 F.3d at

20  1236.

21         **II.      THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

22         Title 28 of the United States Code section 1915 governs IFP proceedings. The statute

23  provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the

24  prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

25  an action or appeal in a court of the United States that was dismissed on the grounds that it is

26  frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

27  is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

28

2

Case 1:24-cv-00610-JLT-SKO   Document 7   Filed 06/05/24   Page 3 of 4

1    In determining whether a case counts as a "strike," "the reviewing court looks to the

2    dismissing court's action and the reasons underlying it…. This means that the procedural

3    mechanism or Rule by which the dismissal is accomplished, while informative, is not

4    dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

5    *Analysis*

6    The Court takes judicial notice[1] of several prior lawsuits filed by Plaintiff[2] in this Court

7    and another district court in this Circuit involving dismissals on the grounds that they are

8    frivolous, malicious, or fails to state a claim upon which relief may be granted, while Plaintiff

9    was incarcerated:

10    (1) *Favor-El v. Rome*, Case No. 1:15-cv-01865-LJO-EPG (E.D. Cal.) (dismissed on

11    11/22/2016 for failure to state a claim);

12    (2) *Favor v. State of California*, Case No. 2:16-cv-02870-JGB-JEM (C.D. Cal.) (dismissed on

13    5/2/2016 as frivolous, malicious, and for failure to state a claim);

14    (3) *Favor-El v. United States of America,* Case No. 2:15-cv-01448-GEB-AC (E.D. Cal.)

15    (dismissed on 10/22/2015 as frivolous); and

16    (4) *Favor-El v. Rihanna*, Case No. 2:15-cv-09502-JGB-JEM (C.D. Cal.) (dismissed on

17    12/16/2015 as frivolous, malicious, and for failure to state a claim)

18    A dismissal on the grounds of frivolousness or maliciousness, or for a failure to state a claim

19    upon which relief may be granted, is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v.*

20    *Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893 (9th Cir. 2011).[3]

21    Because Plaintiff has incurred at least three prior "strikes" and each was dismissed prior to

22    the commencement of the current action on May 22, 2024, Plaintiff is subject to the section

23    _____

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.

24    1980).

25    [2] Plaintiff has filed actions under the surnames "Favor" and "Favor-El."

26    [3] The undersigned has previously found, in *Favor v. Black Lives Matter*, Case No. 1:20-cv-01165-DAD-
SKO, 2020 WL 8614094, at *2, n.1 (E.D. Cal. Sept. 15, 2020) that "[i]t is also noteworthy that Plaintiff

27    has been deemed a vexatious litigant, has filed over fifty actions in this district alone, and has filed
numerous other actions in the other district courts in this state …."

28

3

1   1915(g) bar. He is also precluded from proceeding IFP in this action unless at the time he filed his

2   complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*,

3   493 F.3d 1047, 1052-53 (9th Cir. 2007). The Court has reviewed the complaint in this action and

4   finds that Plaintiff's allegations do not meet the imminent danger exception. Although very

5   difficult to read, this Court cannot discern any factual allegation asserting Plaintiff is in imminent

6   danger of serious physical injury. (*See* Doc. 1 at 3-5.)

7       In sum, Plaintiff is precluded from proceeding IFP in this action because when he filed his

8   complaint, he was not under imminent danger of serious physical injury. *Andrews*, 493 F.3d at

9   1052-53.

10      **III.    CONCLUSION AND RECOMMENDATIONS**

11      For the reasons set forth above, the Court **DIRECTS** the Clerk of the Court to assign a

12   district judge to this action and **RECOMMENDS** that:

13          1.   Plaintiff's application to proceed IFP (Doc. 2) be **DENIED**; and,

14          2.   Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

15      These Findings and Recommendations will be submitted to the district judge assigned to

16   this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these

17   Findings and Recommendations, a party may file written objections with the Court. The

18   document should be captioned, "Objections to Magistrate Judge's Findings and

19   Recommendations." Failure to file objections within the specified time may result in waiver of

20   rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

21   *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

22

23   IT IS SO ORDERED.

24   Dated:    **June 4, 2024**                    /s/ *Sheila K. Oberto*

25                                          UNITED STATES MAGISTRATE JUDGE

26

27

28